IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KORTNEE ROBERSON, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DORIS ROBERSON, DECEASED, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, deceased, by and through her attorneys, S. Jerome Levy & Associates, P.C., complaining against the Defendant, United States of America, states:

## JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. section 1346 et seq. This Court has jurisdiction over the claims contained herein pursuant to 28 U.S. C. section 2401(b).

2. On information and belief, the Defendant, United States of America, provided grant money through the Public Health Service under 42 U.S.C. section 233 to Family Christian Health Center, a private entity with its principal place of business in the Northern District of Illinois in that it was located in Harvey, Cook County, Illinois, and Family Christian Health Center provided medical and health care services to the Plaintiff's Decedent, Doris Roberson, with respect to the incidents that give rise to this Complaint.

3. On information and belief, the Defendant, United States of America, provided grant money through the Public Health Service under 42 U.S.C. section 233 to Family Christian Health

Center, who with respect to the incidents that give rise to this Complaint, employed Dr. Wanda Hatter-Stewart to provide medical and health care services to patients, including the Plaintiff's Decedent, Doris Roberson, at Family Christian Health Center and at Ingalls Memorial Hospital, and Dr. Hatter-Stewart did so provide medical and health care services to the Plaintiff's Decedent, Doris Roberson.

4. The Defendant, United States of America, acting through Family Christian Health Center and Dr. Wanda Hatter-Stewart and pursuant to the above-mentioned grant provided thereto, was providing such medical and health care services and was and/or is doing business in the State of Illinois in the Northern District of Illinois or has otherwise submitted to the jurisdiction of this Court, and most of the acts complained of herein occurred in the Northern District of Illinois, including that it provided medical and health care services to the Decedent, Doris Roberson, at Family Christian Health Center and at Ingalls Memorial Hospital each located in Harvey, Illinois.

5. The Plaintiff submitted an administrative tort claim with the Department of Health and Human Services and the United States of America issued a rejection of the claim dated June 22, 2012.

## THE PARTIES

6. The Plaintiff, Kortnee Roberson, is a resident of Chicago, Cook County, Illinois and was appointed as Special Administrator of the Estate of Doris Roberson, deceased, by the Circuit Court of Cook County, Illinois to pursue a cause of action related to the death of her mother and the losses suffered by the heirs as a result thereof.

7. The Defendant, United States of America, provided grant money through the Public Health Service under 42 U.S.C. section 233 to Family Christian Health Center, a private business entity, to provide medical and health care services to patients, including to the Plaintiff's Decedent,

Doris Roberson.

8. In addition, the Defendant, United States of America, provided grant money through the Public Health Service under 42 U.S.C. section 233 to Family Christian Health Center, and Family Christian Health Center, through its employee, Dr. Wanda Hatter-Stewart, provided medical and health care services to the Plaintiff's Decedent, Doris Roberson, with respect to the incidents that give rise to this Complaint.

## COUNT I

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, deceased, states the following allegations against the Defendant, United States of America, on information and belief:

9. At all relevant times, the Defendant, United States of America, provided grant money through the Public Health Service under 42 U.S.C. section 233 to Family Christian Health Center and Family Christian Health Center was seemed a public health employee such that it was to receive Federal Tort Claims Act malpractice coverage effective at least beginning on February 15, 2004.

10. At all relevant times, Family Christian Health Center, owned, operated, managed, maintained and provided medical and health care services by and through its employees and agents, to patients, including the Plaintiff's Decedent, Doris Roberson, in the City of Harvey, County of Cook, State of Illinois.

11. At all relevant times, Family Christian Health Center, employed Dr. Wanda Hatter-Stewart and Dr. Wanda Hatter-Stewart was acting within the scope of her agency with Family Christian Health Center while providing medical and health care services to the Plaintiff's

decedent, Doris Roberson.

12. At all relevant times, Family Christian Health Center and Dr. Wanda Hatter-Stewart, provided medical and health care services to patients, including the Plaintiff's Decedent, Doris Roberson, pursuant to the Public Health Service and with grant money received from the United States of America through the Public Health Service.

13. At all relevant times, the Decedent, Doris Roberson, was a patient of Family Christian Health Center and Dr. Wanda Hatter-Stewart.

14. At all relevant times, Family Christian Health Center and Dr. Wanda Hatter-Stewart, and each of them, provided medical and health care services to the Plaintiff's Decedent, Doris Roberson, at the Family Christian Health Center location in Harvey, Illinois and at Ingalls Memorial Hospital in Harvey, Illinois.

15. From at least January 28, 2010 through and including February 6, 2010, the Decedent, Doris Roberson, received healthcare services from Family Christian Health Center, acting by and through its respective agents and employees, including but not limited to Dr. Wanda Hatter-Stewart.

16. On or about January 28, 2010, the Decedent, Doris Roberson, was admitted to the the Ingalls' facility commonly known as Ingalls Memorial Hospital with shortness of breath and wheezing.

17. While admitted to the Ingalls Memorial Hospital, the Decedent, Doris Roberson, was assessed for various conditions by the Family Christian Health Center's employees, agents, physicians and/or nurses, including but not limited to Dr. Wanda Hatter-Stewart.

18. At all relevant times, Family Christian Health Center, through its agents and employees, including but not limited to Dr. Wanda Hatter-Stewart, managed and monitored the

Plaintiff's Decedent's conditions and provided and oversaw the care and treatment provided to the Decedent, Doris Roberson.

19. At all relevant times, including while hospitalized at Ingalls Memorial Hospital, Family Christian Health Center, acting by and through its agents and employees, including but not limited to Dr. Wanda Hatter-Stewart, ordered, directed, oversaw, controlled and/or otherwise managed the medications provided to the Plaintiff's Decedent, Doris Roberson, including but not limited to heparin.

20. During the aforesaid admission to Ingalls Memorial Hospital, the Decedent, Doris Roberson, exhibited signs of internal bleeding or hemorrhage, including but not limited to retroperitoneal hemorrhage.

21. At all relevant times, Family Christian Health Center, acting by and through its agents and employees, including Dr. Wanda Hatter-Stewart, was to and did monitor the medications and resulting conditions of the Decedent, Doris Roberson.

22. In providing medical care, treatment and services to the Decedent, Doris Roberson, it was the duty of Family Christian Health Center, acting by and through its agents and employees, including but not limited to Dr. Wanda Hatter-Stewart, to furnish the Decedent with competent, qualified and skilled medical services, including diagnosis, care, treatment, follow-up, and monitoring services.

23. In breach of this duty, Family Christian Health Center, acting by and through its agents and employees, including but not limited to Dr. Wanda Hatter-Stewart, breached its duty of care by committing one of more of the following negligent acts and/or omissions:

    a. failed to properly and promptly diagnose, treat, follow-up, monitor and care for the Decedent's and her conditions;

    b. failed to promptly and properly diagnose and treat the Decedent's condition

       related to the retroperitoneal and intra-abdominal hemorrhage, including but not limited to the resulting hemorrhagic shock and multi-organ system failure;

c.     caused and allowed the bleeding to exist, continue and remain without proper care and treatment longer than was reasonable

d.     failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures to treat the Decedent's conditions;

e.     failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures for the Decedent and the conditions she had;

f.     failed to use prompt and proper skill, knowledge and technique in providing and securing the provision of appropriate care services, including examining, diagnosing, monitoring, treating and performing the services for the Decedent and her conditions;

g.     failed to use or provide for the appropriate diagnostic work-up, monitoring and treatment for the Decedent, and/or her conditions, including but not limited to the need for, contraindications, monitoring and care related to the heparin use;

h.     failed to provide and obtain reasonably well-qualified health care professionals, including physicians, consultants, nurses, employees and agents, for diagnosis, care, monitoring and treatment of the Decedent;

i.     failed to promptly and appropriately provide for continuity of care for the Decedent;

j.     failed to properly and appropriately communicate, advise, and instruct the individuals providing care and treatment to the Decedent;

k.     failed to properly establish, direct, monitor and follow appropriate applicable hospital rules, regulations, policies, procedures, customs and practices in the care and treatment related to the Decedent and her conditions;

l.     failed to promptly and properly communicate and advise the Decedent of her conditions, the care being performed and the risks and alternatives to such care;

m.     was otherwise negligent in providing care and treatment to the Decedent.

24.     As a direct and proximate result of the negligent acts and/or omissions of Family Christian Health Center, acting by and through its agents and employees, including but not limited

to Dr. Wanda Hatter-Stewart, the Decedent, Doris Roberson, suffered significant pain, suffering, disfigurement, disability, suffered a worsening and/or aggravation of her underlying conditions, was prevented from attending to her usual and customary affairs and duties, experienced and suffered the loss of her full enjoyment of her time, required additional care services and incurred substantial expenses, including but not limited to medical, care and other expenses as a result of the care and treatment needed for her conditions, and suffered greatly until her death and died as a result of such negligent acts and/or omissions on or about February 6, 2010.

    25   The Decedent, Doris Roberson, left as her only surviving heirs her children, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright.

    26.   On December 22, 2010, the Plaintiff, Kortnee Roberson, was appointed as the Special Administrator of the Estate of Doris Roberson, deceased, and is authorized to bring this cause of action.

27. The Plaintiff brings this Count for and on behalf of the Decedent's heirs, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright. The heirs have and with reasonable likelihood will continue to suffer pecuniary damages, expenses, the loss of society, love, companionship, support, consortium, services, comfort and guidance, and other losses as a result of the untimely death of the Decedent, Doris Roberson, caused by these Defendants' negligent acts and/or omissions.

28. At all relevant times, there was in full force and effect a statute in the State of Illinois commonly known as the Wrongful Death Act, 740 ILCS 180, et seq., which provides a cause of action for the death of a person by wrongful act, neglect or default.

29. Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Kortnee Roberson, as Special Administrator for the Estate of Doris Roberson, deceased, prays for judgment against the

Defendant, United States of America, for the alleged negligent acts and omissions of Family Christian Health Center, acting by and through its agents and employees, including Dr. Wanda Hatter-Stewart, in an amount in excess of the jurisdictional minimum, together with the costs of the suit.

## COUNT II

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, deceased, states the following allegations against the Defendant, United States of America, on information and belief:

30. At all relevant times, the Defendant, United States of America, provided grant money through the Public Health Service under 42 U.S.C. section 233 to Family Christian Health Center and Family Christian Health Center was seemed a public health employee such that it was to receive Federal Tort Claims Act malpractice coverage effective at least beginning on February 15, 2004.

31. At all relevant times, Family Christian Health Center, employed Dr. Wanda Hatter-Stewart and Dr. Wanda Hatter-Stewart was acting within the scope of her agency with Family Christian Health Center while providing medical and health care services to the Plaintiff's decedent, Doris Roberson.

32. At all relevant times, Dr. Wanda Hatter-Stewart, provided medical and health care services to patients, including the Plaintiff's Decedent, Doris Roberson, pursuant to the Public Health Service and with grant money received from the United States of America through the Public Health Service.

33. At all relevant times, the Decedent, Doris Roberson, was a patient of Dr. Wanda Hatter-Stewart.

34. At all relevant times, Dr. Wanda Hatter-Stewart, provided medical and health care services to the Plaintiff's Decedent, Doris Roberson, at the Family Christian Health Center location in Harvey, Illinois and at Ingalls Memorial Hospital in Harvey, Illinois.

35. From at least January 28, 2010 through and including February 6, 2010, the Decedent, Doris Roberson, received healthcare services from Dr. Wanda Hatter-Stewart.

36. On or about January 28, 2010, the Decedent, Doris Roberson, was admitted to the the Ingalls' facility commonly known as Ingalls Memorial Hospital with shortness of breath and wheezing.

37. While admitted to the Ingalls Memorial Hospital, the Decedent, Doris Roberson, was assessed for various conditions by Dr. Wanda Hatter-Stewart.

38. At all relevant times, Dr. Wanda Hatter-Stewart managed and monitored the Plaintiff's Decedent's conditions and provided and oversaw the care and treatment provided to the Decedent, Doris Roberson.

39. At all relevant times, including while hospitalized at Ingalls Memorial Hospital, Dr. Wanda Hatter-Stewart ordered, directed, oversaw, controlled and/or otherwise managed the medications provided to the Plaintiff's Decedent, Doris Roberson, including but not limited to heparin.

40. During the aforesaid admission to Ingalls Memorial Hospital, the Decedent, Doris Roberson, exhibited signs of internal bleeding or hemorrhage, including but not limited to retroperitoneal hemorrhage.

41. At all relevant times, Dr. Wanda Hatter-Stewart was to and did monitor the

medications and resulting conditions of the Decedent, Doris Roberson.

42. In providing medical care, treatment and services to the Decedent, Doris Roberson, it was the duty of Dr. Wanda Hatter-Stewart to possess and apply the knowledge and skill ordinarily possessed and applied by reasonably well qualified physicians, internal medicine specialists under similar circumstances in the same or similar communities.

43. In violation of this duty, Dr. Wanda Hatter-Stewart breached her duty of care by committing one of more of the following negligent acts and/or omissions:

   a. failed to properly and promptly diagnose, treat, follow-up, monitor and care for the Decedent's and her conditions;

   b. failed to promptly and properly diagnose and treat the Decedent's condition related to the retroperitoneal and intra-abdominal hemorrhage, including but not limited to the resulting hemorrhagic shock and multi-organ system failure;

   c. caused and allowed the bleeding to exist, continue and remain without proper care and treatment longer than was reasonable

   d. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures to treat the Decedent's conditions;

   e. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures for the Decedent and the conditions she had;

   f. failed to use prompt and proper skill, knowledge and technique in providing and securing the provision of appropriate care services, including examining, diagnosing, monitoring, treating and performing the services for the Decedent and her conditions;

   g. failed to use or provide for the appropriate diagnostic work-up, monitoring and treatment for the Decedent, and/or her conditions, including but not limited to the need for, contraindications, monitoring and care related to the heparin use;

   h. failed to provide and obtain reasonably well-qualified health care professionals, including physicians, consultants, nurses, employees and agents, for diagnosis, care, monitoring and treatment of the Decedent;

   ii. failed to promptly and appropriately provide for continuity of care for the Decedent;

j. failed to properly and appropriately communicate, advise, and instruct the individuals providing care and treatment to the Decedent;

k. failed to properly establish, direct, monitor and follow appropriate applicable hospital rules, regulations, policies, procedures, customs and practices in the care and treatment related to the Decedent and her conditions;

l. failed to promptly and properly communicate and advise the Decedent of her conditions, the care being performed and the risks and alternatives to such care;

m. was otherwise negligent in providing care and treatment to the Decedent.

44. As a direct and proximate result of the negligent acts and/or omissions of Dr. Wanda Hatter-Stewart, the Decedent, Doris Roberson, *suffered significant pain, suffering, disfigurement, disability, suffered a worsening and/or aggravation of her underlying conditions, was prevented from attending to her usual and customary affairs and duties, experienced and suffered the loss of her full enjoyment of her time, required additional care services and incurred substantial expenses, including but not limited to medical, care and other expenses as a result of the care and treatment needed for her conditions, and suffered greatly until her death and died as a result of such negligent acts and/or omissions on or about February 6, 2010.*

45 The Decedent, Doris Roberson, left as her only surviving heirs her

children, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright.

46. On December 22, 2010, the Plaintiff, Kortnee Roberson, was appointed as the Special Administrator of the Estate of Doris Roberson, deceased, and is authorized to bring this cause of action.

47. The Plaintiff brings this Count for and on behalf of the Decedent's heirs, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright. The heirs have and with reasonable likelihood will continue to suffer pecuniary damages, expenses, the loss of society, love, companionship, support, consortium, services, comfort and guidance, and other losses as a result of the untimely death of the Decedent, Doris Roberson, caused by these Defendants' negligent acts and/or omissions.

48. At all relevant times, there was in full force and effect a statute in the State of Illinois commonly known as the Wrongful Death Act, 740 ILCS 180, et seq., which provides a cause of action for the death of a person by

wrongful act, neglect or default.

49. Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Kortnee Roberson, as Special Administrator for the Estate of Doris Roberson, deceased, prays for judgment against the Defendant, United States of America, for the alleged negligent acts and omissions of Dr. Wanda Hatter-Stewart in an amount in excess of the jurisdictional minimum, together with the costs of the suit.

## COUNT III

### (Survival Act)

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, by and through his attorneys, S. Jerome Levy & Associates, P.C., complaining against the United States of America, states the following on information and belief:

50. The Plaintiff, Kortnee Roberson, adopts and realleges Paragraphs 1 through 29 of Count I as Paragraph 50 of this Count III as though said Paragraphs were fully plead herein.

51. The Plaintiff, Kortnee Roberson, adopts and realleges Paragraphs 30 through 49 of Count II as Paragraph 51 of this Count III as though said Paragraphs were fully plead herein.

52. As a direct and proximate result of one or more of the above-mentioned negligent acts and/or omissions of Family Christian Health Center and Dr. Wanda Hatter-Stewart, and each of them, the Decedent, Doris Roberson, experienced great pain, suffering, and agony before her death.

53. The Decedent, Doris Roberson, left surviving as her only heirs her children, Kortnee Roberson, and her two children: Kortnee Roberson, II and Aaron Berry.

54. The Plaintiff, Kortnee Roberson, was appointed as Special Administrator on February 24, 2011 and is authorized to prosecute this action.

55. Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, Deceased, prays for judgment against the Defendant, United States of America, for the negl8igent acts of Family Christian Health Center and Dr. Wanda Hatter-Stewart, and each of them, in an amount in excess of the jurisdictional minimum, together with the costs of the suit.

Respectfully submitted,

By: __S/S. Jerome Levy_____
S. Jerome Levy

S. JEROME LEVY & ASSOCIATES, P.C.
One East Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 832-1616